**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BERRY MORROW,                                                                                          PLAINTIFF
ADC #143825

v.                                          5:13CV00137-KGB-JTK

NICOLA KELLY, et al.                                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Berry Morrow is a state inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging unconstitutional conditions of confinement (Doc. No. 2). By Order dated May 14, 2013 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court granted Plaintiff the opportunity to file an Amended Complaint. (Id.) On June 14, 2013, the Court granted Plaintiff's request for an additional thirty days in which to submit an Amended Complaint (Doc. No. 6); as of this date, however, Plaintiff has not submitted an Amended Complaint.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

Plaintiff alleges in his Complaint that Defendant Kelly refused to provide him with a certain amount of clothing and bedding, and that the sanitation officer refused to ensure adequate temperatures and ventilation in his living quarters. (Doc. No. 2, p. 7.)  He also alleges that food service individuals failed to provide meals meeting nationally recommended nutrition allowances, which caused him to suffer hunger pain and weight loss. (Id., p. 8.)  Plaintiff asks for monetary and injunctive relief.  (Id., p. 9.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions.  Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).   The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004), quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) and Estelle v. Gamble, 429 U.S. 97, 104 (1977).  "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or

safety...." Wilson v. Seiter, 501 U.S. 294, 298-9, quoting Whitley v. Albers, 475 U.S. 312, 319 (1986). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984), quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983).

In the May 14, 2013 Order,[1] the Court noted that Plaintiff failed to "allege specific instances of unconstitutional conduct involving the named Defendants, thereby failing to plead factual content which allows this Court to draw reasonable inferences concerning the Defendants' conduct, as set forth in Twombly." (Doc. No. 3, p. 3.) The Court also provided to Plaintiff directions for amending his Complaint. (Id., p. 4.) However, Plaintiff's failure to submit an Amended Complaint in accordance with the Court's instructions renders his allegations insufficient to allow the Court to draw reasonable inferences that Defendants are liable of any misconduct alleged, as set forth in Twombly, 550 U.S. at 556-7. Plaintiff does not specify how much clothing or bedding he received, or how the amount of such resulted in harm. In addition, Plaintiff does not specifically identify the type of amount of food he was given or how it lacked proper nutrition. Finally, Plaintiff includes no specific allegations concerning the temperatures in his cell (too cold or too hot?), the time of year about which he was complaining, or about the ventilation. Furthermore, he does not allege any type of conduct by Defendants which would support a claim for deliberate indifference. Therefore, the Court finds that Plaintiff's Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

---

[1] In the Order, the Court inadvertently referred to Plaintiff Morrow as "Plaintiff Aaron." (Doc. No. 3, p. 1.)

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.     The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 16th day of July, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.